**CHIN TEN TEUNG v. WARD,**
Commissioner.

No. 6159.

District Court, D. Massachusetts.
Nov. 15, 1939.

James H. Brennan, of Boston, Mass., for petitioner.

Edmund J. Brandon, U. S. Atty., and Alfred G. Malagodi, Asst. U. S. Atty., both of Boston, Mass., for defendant.

BREWSTER, District Judge.

This petition for a writ of habeas corpus brings in question an excluding decision of a majority of a Board of Special Inquiry, affirmed on appeal.

The citizenship of the father is conceded, and only a slight doubt is expressed about the relationship of the applicant to the citizen. A consideration of the record leaves no room for any such doubt.

The decision is based upon a finding that the applicant was born prior to August, 1923, when the father first entered the United States and, therefore, inadmissible in view of Weedin, Com'r v. Chin Bow, 274 U.S. 657, 47 S.Ct. 772, 71 L.Ed. 1284. The applicant claims to have been born January 10, 1924.

This son of a citizen is denied admission because a medical examiner, who examined him and X-ray pictures, testified that he was 20 to 21 years of age. The medical examiner was obliged to admit that he was not qualified to say whether his theories respecting skeletal development would hold in the case of one of the Chinese race. There was medical evidence before the Board to the effect that age could not be accurately determined by the degree of ossification. A doctor testified that "The reason why I have this conclusion is due to the fact that every author that has done research work on the epiphyses will not state definitely that the epiphyses unite at the definite time due to the fact. that

these epiphyses are affected by sunlight, fresh air, muscular exercise, diet, and glandular disturbance; * * *. They are not definite in their opinion and I think I can't truthfully say the exact age and there is no one who can say the exact age of any individual within three years. * * *"

The Board of Review had before it abundant evidence to the same effect from reputable sources, and also further evidence that the Chinese are of a very different type from the Caucasian, and that among the Chinese there is great variation in the time of junction of the epiphyses with the main part of the various bones to which they belong.

Over against the unsupported hypothesis of the medical examiner can be set the testimony of relatives who had entered the country in 1923, all of whom agreed that the father Chin Yoke Sing had, at that time, only one son.

If the medical examiner's conclusion as to the age of the applicant is to be accepted, the applicant would have been four or five years of age in 1923, and these relatives then had no conceivable excuse for concealing the fact that Chin Yoke Sing had a second son.

One of the Board of Special Inquiry recommended admission. I would have no hesitation whatever in saying that the conclusion reached by this minority member was required by the overwhelming weight of the evidence.

At the risk of coming perilously close to the limits which define the jurisdiction of the Court to overrule administrative action, I feel that this is a case where the action of the administrative authorities, both here and in Washington, in wholly disregarding important and reliable evidence, amounted to an unfair hearing; moreover, I think it may very well be held that the conclusion that the claimant was born prior to August, 1923, was without substantial evidence to support it.

I cannot escape the conviction that, if a son of a citizen is to be denied admission to the United States, his exclusion should rest upon more substantial grounds than are shown in the records of this case.

For these reasons, I order the writ of habeas corpus to issue and that the petitioner be discharged thereon. If the respondent desires to appeal, the alien may be enlarged upon bail in the sum usually required in such cases.