**WONG MAN GIN, by his next friend, Wong Moo, Plaintiff,**

v.

**John Foster DULLES, Secretary of State of the United States, Defendant.**

Civ. A. No. 51–1092,

United States District Court
D. Massachusetts.

May 20, 1955.

James E. Fitzgerald, Boston, Mass., for plaintiff.

Anthony Julian, U. S. Atty., Philip T. Jones, Asst. U. S. Atty., James J. Sullivan, Jr., Asst. U. S. Atty., Boston, Mass., for defendant.

SWEENEY, Chief Judge.

This is an action brought by Wong Man Gin through his father, Wong Moo, seeking a declaration of citizenship so as to entitle Wong Man Gin to enter the United States.

Findings of Fact

The father, Wong Moo, is an American citizen. A hearing on an application filed by Wong Man Gin was held in Hongkong, China, at the American Consulate General on November 2, 1951. This was just a few days before the son became sixteen years of age, and his application was considered rather hurriedly. The Vice-Consul, who conducted the hearing, became of the opinion that the passport application of Wong Man Gin was fraudulent, and documentation as a citizen was not authorized. In this action the government first questions the validity of the Wong Moo marriage. I do not think that this position is tenable. There was testimony that he went through one of the usual ceremonies, such as the exchanging of red cards, with the bride riding to the house of the groom in a red sedan chair with music. They lived together until he came to the United States. So far as the marriage is concerned, I hold it valid in the absence of evidence to the contrary.

The next contention that the government makes is that the boy who applied at the Consulate was somewhere between the ages of ten and thirteen years old and hence could not be the son of Wong Moo. The examiner first detected what she thought was an inconsistency in the age and ordered tests. Afterward the government came to the conclusion that he was misstating his age. The plaintiff also had an x-ray examination by another physician who placed his age at thirteen to fifteen years. If the other testimony in this case supports the plaintiff's claim, I reject these tests as being inaccurate. As Judge Brewster states in Chin Ten Teung v.

Ward, D.C., 30 F.Supp. 670, 671: " * * * the Chinese are of a very different type from the Caucasian, and that among the Chinese there is a great variation in the time of junction of the epiphyses with the main part of the various bones to which they belong."

Looking to the evidence that is favorable to the plaintiff's claim, I find the following facts. Wong Moo was married to Tuey Shee on October 5, 1933. On June 28, 1935, he entered the Port of Boston, and on examination then stated that he was married and that his wife was then two or three months pregnant. This examination was being conducted to determine whether he would be allowed to come into this country and there is every reason to believe that he would be very careful to tell the truth as he, too, was claiming a derivative citizenship.

Again on July 5, 1939, Wong Moo appeared before the immigration officials as a witness for his brother, Wong Soo, who at that time was returning from China. At that time the examining official elicited the information that he had been married and that he had one son whom he named Wong Ming Jin, (this seeming discrepancy in the name is understandable when you consider that this man was illiterate and was being examined through an interpreter).

Wong Moo entered the United States Army on or about November, 1943, from which he received an honorable discharge on October 29, 1945. On entering the service, when the dependency benefit was explained to him, he made application for an allowance to Wong Tuey Shee, wife, and Wong Ming Jin, stating that the son had been born on October 25, 1935.

From the above we see that from the time he entered the United States twenty years ago, he has been consistently claiming a marriage to Tuey Shee and the birth of a son, Wong Man Gin, after he left China. His statement on entry that his wife was two or three months pregnant in July, 1935, is consistent with the birth of the son on November 20, 1935.

It is also to be noted that blood tests taken at Hongkong by the applicant and in the United States by the father, at the request of the United States, show that the result was compatible and consistent with their claimed relationship.

### Rulings of Law

From all of the foregoing I conclude and rule that the applicant, Wong Man Gin, has sufficiently proven his relationship to the citizen, Wong Moo, as to entitle him to entry in the United States as a derivative citizen, being a son of Wong Moo.